```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
PHILIP PILEVESKY and LOUIS P. MIRANDO,

                  Plaintiffs,           MEMORANDUM & ORDER
                                        10-CV-2290 (JS)(ETB)
       -against-

SUNTRUST BANK,

                  Defendant.
----------------------------------------X
APPEARANCES:
For Plaintiffs:   Russell L. Penzer, Esq.
                  Lazer, Aptheker, Rosella & Yedid, P.C.
                  225 Old Country Road
                  Melville, NY 11747

For Defendant:    Thomas Fadden Clauss, Jr., Esq.
                  Wiggin & Dana LLP
                  450 Lexington Avenue, Suite 3800
                  New York, NY 10017
```

SEYBERT, District Judge:

Plaintiffs Philip Pilevsky and Louis P. Mirando commenced this action seeking declaratory relief in connection with certain guaranty agreements. Pending before the Court is: (1) Defendant's motion to transfer venue; and (2) Plaintiffs' motion to amend the Complaint to add Raymond Zimmerman as an additional Plaintiff. For the following reasons: (1) Defendant's motion to transfer venue is DENIED; and (2) Plaintiffs' motion to amend is GRANTED.

## BACKGROUND

On November 20, 2007, Defendant SunTrust Bank ("SunTrust") entered into a commercial loan arrangement with

non-party The Village of Fair Oaks Owner LLC ("Fair Oaks"). Compl. ¶ 4. The arrangement consisted of two promissory notes and related agreements, including "certain guaranty agreements allegedly executed by Plaintiffs." Id.

On April 15, 2010, Plaintiffs commenced this action in New York Supreme Court alleging that SunTrust breached various obligations it owed under the guaranty agreements. SunTrust promptly removed to this Court, and now seeks to transfer this case to the Eastern District of Virginia.

## DISCUSSION

I. Motion to Transfer Venue

A. Standard of Review

28 U.S.C. § 1404(a) states that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) strives "to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964) (internal quotations and citations omitted).

To transfer venue under 28 U.S.C. § 1404(a), the Court engages in a two-step inquiry. See Frasca v. Yaw, 787 F. Supp. 327, 330 (E.D.N.Y. 1992). First, the court asks whether the

action "might have been brought" in the requested transferee court. Frasca, 787 F. Supp. at 330. "If the proposed venue is proper, the court then considers whether the transfer will serve the convenience of witnesses and parties and is in the interests of justice." Kroll v. Lieberman, 244 F. Supp. 2d 100, 102 (E.D.N.Y. 2003). When analyzing the second step, the Court examines several factors, including: (1) convenience of the parties; (2) convenience of witnesses; (3) relative means of the parties; (4) locus of operative facts and relative ease of access to sources of proof; (5) attendance of witnesses; (6) the weight accorded the plaintiff's choice of forum; (7) calendar congestion; (8) the desirability of having the case tried by the forum familiar with the substantive law to be applied; (9) practical difficulties; and (10) trial efficiency and how best to serve the interests of justice, based on an assessment of the totality of material circumstances. See Neil Bros. Ltd. v. World Wide Lines, Inc., 425 F. Supp. 2d 325, 327-28 (E.D.N.Y. 2006). None of these factors are dispositive; rather, the Court weighs them all in making its determination. Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000); see also Frasca, 787 F. Supp. at 330. In so weighing, the Court has broad discretion to determine whether transfer is warranted. See Neil Bros., 425 F. Supp. 2d at 328.

B.  Could this Action have been brought in Virginia?

Here, Plaintiffs argue that the Court should not reach the multi-part balancing test because this action could not have been commenced in the Eastern District of Virginia to begin with. This argument is meritless. It is undisputed that the SunTrust employees who negotiated the guarantees were based in Virginia, that the guarantees are related to a Virginia real estate development, and that SunTrust is subject to personal jurisdiction in Virginia. Moreover, complete diversity exists both in this District and in the Eastern District of Virginia. Thus, there is no reason why Plaintiffs could not have chosen to sue in the requested transferee forum.

C.  Should this Action be Transferred?

Of course, the fact that Plaintiffs could have sued in the Eastern District of Virginia does not, in any way, imply that this Court should transfer venue to that forum. Rather, it means only that the Court should consider several factors, and then determine whether transfer is appropriate. See Neil Bros. Ltd., 425 F. Supp. 2d at 327-28.

1.  Convenience of the parties

The first factor concerns the convenience of the parties. SunTrust acknowledges that this factor is "neutral if it only shifts inconvenience from one party to another." (Def. Br. at 12, citing cases). But SunTrust then proceeds to make a

4

highly strained, borderline frivolous argument that the Eastern District of Virginia is somehow convenient for Plaintiffs because they agreed that Virginia law would govern the guaranty agreements. SunTrust cites to no authority suggesting that a contractual choice of law provision can somehow negate the inconvenience that individual plaintiffs must endure to litigate a case far from home.[1] Nor does the Court see any logical reason why this would be the case, as a choice of law provision does not, by itself, even create personal jurisdiction. See generally Koninklijke Philips Electronics v. Digital Works, Inc., 358 F. Supp. 2d 328, 333 (S.D.N.Y. 2005) (noting that "a choice-of-law provision is not, on its own, sufficient to convey personal jurisdiction over a defendant"); Days Inn of America, Inc. v. L.A., Inc., 97-CV-5476, 1998 WL 765182, at *3 (S.D.N.Y. 1998) ("If an underlying contract contains both consent-to-jurisdiction and choice-of-law clauses, a guaranty containing

---

[1] SunTrust also argues that Plaintiffs "agreed to be subject to venue in the Eastern District of Virginia." (Def. Br. at 1.) This argument fails on two levels. First, it improperly asks the Court to construe a choice-of-law provision as a forum selection clause. And second, it asks the Court to construe this non-existent forum selection clause as bestowing exclusive instead of non-exclusive venue in Virginia's courts. Even if the Court could somehow liberally construe the guaranty agreements as recognizing Virginia as an appropriate forum, there is zero language in the agreements suggesting that Virginia is the only appropriate forum. See generally Bison Pulp & Paper Ltd. v. M/V Pergamos, 89-CV-1392, 1995 WL 880775, at *9 (S.D.N.Y. 1995) (comparing exclusive with permissive forum selection clauses). If SunTrust wanted a mandatory forum selection clause, they should have bargained for one.

5

only the choice-of-law clause does not incorporate the contract's consent-to-jurisdiction clause").

The convenience of the parties is thus neutral, because transfer would merely shift the inconvenience from SunTrust to Plaintiffs.

### 2. The Convenience of Witnesses

Typically, the convenience of witnesses is "the most important factor" when determining whether transfer should be granted. Truk International Fund v. Wehlmann, 08-CV-8462, 2009 WL 1456650, at *3 (S.D.N.Y. May 20, 2009). Here, SunTrust argues that "the overwhelming majority of potential witnesses are located in Virginia." (Def. Br. at 10.) Specifically, SunTrust highlights the following Virginia witnesses: (1) non-party Virginia resident Raymond Zimmerman, who executed a similar guaranty agreement; (2) former SunTrust employee Joseph Kesterman, who administered the underlying transactions; and (3) current SunTrust Senior Vice President Mario Roca, who manages the loans relating to the transactions. In addition, Mr. Roca's affidavit lists seven other SunTrust employees who allegedly have information about this case and might be witnesses.

In response, Plaintiffs contacted the single non-party witness, Mr. Zimmerman, and have produced an affidavit from him attesting that: (1) this District is not an inconvenient forum for him; (2) he "always considered New York to be the natural

and most appropriate forum for any litigation arising out of the guarantees"; and (3) he wants to join the litigation as a co-Plaintiff. With Mr. Zimmerman's active participation, Plaintiffs then moved to amend the Complaint to add Mr. Zimmerman as a Plaintiff. Given Mr. Zimmerman's support, Plaintiffs thus argue that New York "is a More Convenient Forum for the Witnesses."

Plaintiffs overstate their point. It is well-settled that the "[t]he convenience of non-party witnesses is accorded more weight than that of party witnesses." Seltzer v. Omni Hotels, 09-CV-9115, 2010 WL 3910597, at *2 (S.D.N.Y. 2010); AIG Financial Products Corp. v. Public Utility Dist. No. 1 of Snohomish County, Wash., 675 F. Supp. 2d 354, 369 (S.D.N.Y. 2009). But the convenience of party witnesses is "still relevant," and thus not wholly insignificant. Fellner v. Cameron, 09-CV-098S, 2010 WL 681287, at *3 (W.D.N.Y. February 24, 2010). Here, following Mr. Zimmerman's entry as co-Plaintiff, three party witnesses (i.e., the Plaintiffs) will favor this District, while eight party witnesses (i.e., SunTrust's current employees) will favor Virginia. See generally Research Foundation of State University of New York v. Luminex Corp., 07-CV-1260, 2008 WL 4822276, at *4 (N.D.N.Y. 2008) (describing current employees as party witnesses); Micromuse, Inc. v. Aprisma Management Technologies, Inc., 05-CV-

7

0894, 2005 WL 1241924, at *5 (S.D.N.Y. 2005) (same). The last witness, former SunTrust employee Joseph Kesterman, is a non-party witness for venue purposes. See In re Collins & Aikman Corp. Securities Litig., 438 F. Supp. 2d 392, 397 (S.D.N.Y. 2006) (former employees are non-party witnesses). However, former employees are not entitled to the same deference shown to other non-party witnesses, because "former employees are more likely to willingly attend" than other non-party witnesses. Praxair, Inc. v. Morrison Knudsen Corp., 00-CV-892E, 2001 WL 118585, at *4 (W.D.N.Y. 2001).

The Court is mindful that the convenience of the witnesses prong is not wholly mathematical. Rather, the Court "must qualitatively evaluate the materiality of the testimony that the witnesses may provide." Seltzer, 2010 WL 3910597, at *2 (internal citations and quotations omitted). And here, although SunTrust lists nine Virginia-based witnesses (Mr. Zimmerman excluded), it does little to explain what kind of testimony these witnesses would provide, and why it is important to their case. Instead, SunTrust generally just lists job titles, without explaining each witness's qualitative materiality at all (e.g., Diane Lovelace is a "[r]eal estate construction administration specialist," Richard Dickman was "[e]mployed as a supervisor in the credit approval department at the time the Unconditional Guaranty Agreements and Commercial

8

Notes were executed"). Thus, the Court cannot say how many important witnesses will be inconvenienced by this District, as opposed to marginal witnesses who possess only insignificant or non-unique information.

Taking all these factors into consideration, the Court finds that the convenience of the witnesses prong tips in SunTrust's favor, but only slightly.

### 3. The Means of the Parties

SunTrust contends that the means of the parties is a "neutral factor." The Court disagrees. SunTrust is the "principal subsidiary" of SunTrust Banks, Inc., "one of the nation's largest commercial banking organizations" with assets totaling $174.1 billion. SunTrust Banks, Inc., 2009 Annual Report on Form 10-K at 1, 19. In contrast, the Plaintiffs are individuals. Undoubtedly then, SunTrust has significantly greater means than the Plaintiffs.

### 4. The Locus of Operative Facts and Ease of Proof

SunTrust further contends that Virginia is the locus of operative facts. This time, SunTrust is correct, though SunTrust's papers overstate its case. The following undisputed facts connect this case to Virginia: (1) the applicable contracts all have choice of law provisions that invoke Virginia law; (2) Plaintiffs allegedly executed the guarantees to secure funding for Fair Oaks, a Virginia limited liability company; (3)

9

Fair Oaks and/or Plaintiffs sought this funding in connection with a multi-family real estate development in Richmond, Virginia; and (4) Plaintiffs negotiated exclusively with SunTrust's Virginia-based employees. That being said, this case's facts are not wholly unrelated to New York. Plaintiffs Pilevsky and Mirando reside in New York, and negotiated the relevant contracts while in New York. So, "[g]iven that relevant facts and evidence are in both districts, this factor weighs only slightly - if at all - in favor of transfer." <u>Imagine Solutions, LLC v. Medical Software Computer Systems, Inc.</u>, 06-CV-3793, 2007 WL 1888309, at *12 (E.D.N.Y. 2007) (considering locus of operative facts where most events occurred in Virginia, but "communications related to contract formation took place from this district as did significant events related to implementation and breach of the agreement").

In addition, according to SunTrust, most of the relevant documents are located in Virginia. But, "[i]n today's era of photocopying, fax machines and Federal Express, the location of documents" is insignificant, if not totally irrelevant. <u>It's a 10, Inc. v. PH Beauty Labs, Inc.</u>, 10-CV-0972, 2010 WL 2402848, at *3 (S.D.N.Y. 2010) (citations and quotations omitted) (collecting cases). Accordingly, the Court affords no weight to where documents may be located.

5. Ability to Compel Witnesses

SunTrust also argues, in wholly conclusory fashion, that this Court cannot compel "[m]ost of the non-party" witnesses to attend trial in this District. This argument is very weak. As discussed above, SunTrust's current employees are party witnesses. But, even if the Court somehow construed them as non-parties, SunTrust could compel their attendance "by virtue of the employment relationship." Glass v. S & M NuTec, LLC, 456 F. Supp. 2d 498, 504 (S.D.N.Y. 2006) (citations and quotations omitted). And the only identified non-party witness is Mr. Kesterman who, as a former SunTrust employee, is more likely to attend willingly than a typical non-party. See Praxair, Inc., at 2001 WL 118585, at *4.[2]

Thus, the Court finds that this factor is largely insignificant.

6. Plaintiffs' Choice of Forum

Plaintiffs chose to litigate in this District, not the Eastern District of Virginia. Defendant argues that Plaintiffs'

---

[2] SunTrust's reply papers included an affidavit from Mr. Kesterman which sets forth that SunTrust has "no control over . . . my ability to testify as a witness in this case." Because SunTrust waited until its reply papers to submit it, the Court does not credit it. See State Farm Mut. Auto. Ins. Co. v. Cohan, 09-CV-2990, 2010 WL 890975, at *4, 2010 U.S. Dist. LEXIS 21376, at *8-9 (E.D.N.Y. March 9, 2010). But even if the Court chose to credit it, Mr. Kesterman's representation would not alter the Court's decision to deny SunTrust's motion to transfer.

11

choice of forum is entitled to "Little Consideration" because "Plaintiffs' Residence is the Only Connection this Case has with New York." Defendant is very wrong. Both of the initial Plaintiffs reside in this District. Compl. ¶ 2. And "the greatest deference is afforded a plaintiff's choice of its home forum." Norex Petroleum Ltd. v. Access Industries, Inc., 416 F.3d 146, 154 (2d Cir. 2005).

Moreover, the rule that a plaintiff's chosen forum receives less deference when the selected judicial district has little connection to the operative facts applies only when the chosen forum is not the plaintiff's home forum. See Hall v. South Orange, 89 F. Supp. 2d 488, 494 (S.D.N.Y. 2000) ("[P]laintiff's choice of forum is ordinarily entitled to substantial deference, unless the forum is neither its home forum nor the locus of operative facts.") (internal citations omitted) (collecting cases). So this rule does not apply here. In any event, as discussed above, Plaintiffs' residences are not the only connection this case has to this District, because Plaintiffs also negotiated the relevant contracts from this District. And, when a case has "some connection" with a plaintiff's chosen forum, the locus of operative facts "is not sufficient reason to deprive [a plaintiff's] chosen forum of the usual deference." Zinky Electronics, LLC v. Victoria Amplifier

Co., 09-CV-0026, 2009 WL 2151178, at *3 (D. Conn. June 24, 2009).

Accordingly, the Court affords the "greatest deference" to Plaintiffs' decision to sue in their home forum. Norex Petroleum Ltd., 416 F.3d at 154.

### 7. Familiarity with the Governing Law

It is apparently undisputed that Virginia law will govern this dispute. This factor thus weighs slightly in favor of transfer. But the tilt is slight, because "federal courts are deemed capable of applying the substantive law of other states," particularly "in a case such as the instant one, which involves rather routine questions of contract law." Imagine Solutions, LLC, 2007 WL 1888309, at *12 (denying motion to transfer venue to Virginia, even though Virginia law likely applied to dispute).

### 8. Remaining Factors

The remaining factors consist of considerations such as calendar congestion, practical difficulties, and trial efficiency. The parties presented no real evidence or argument on these factors, except to the extent that these factors overlap with issues already addressed. And the Court sees no reason why any of these factors favor the Eastern District of Virginia over this District. Thus, the Court considers these factors neutral.

9. The Second-Filed Lawsuit

A few weeks after SunTrust filed this motion, SunTrust sought leave to file a supplemental affidavit. This supplemental affidavit sets forth that SunTrust has commenced an action against Plaintiffs in the Eastern District of Virginia, and encloses a copy of that recently-filed complaint. Apparently, SunTrust hopes that the Court will consider this second-filed lawsuit relevant in deciding whether to disregard Plaintiffs' choice of forum. It will not. Although the Court granted SunTrust leave to file the supplemental affidavit as a procedural matter, the affidavit's substance reflects nothing more than a transparent attempt to frustrate Plaintiffs' choice of forum by filing a "me too" lawsuit. In so doing, it ignores the well-settled first-filed rule. See New York Marine and General Ins. Co. v. Lafarge North America, Inc., 599 F.3d 102, 112 (2d Cir. 2010) ("in determining the proper venue, [w]here there are two competing lawsuits, the first suit should have priority") (internal citations and quotations omitted). The Court affords SunTrust's second-filed suit no weight.

10. Conclusion

The following factors tilt strongly against transfer: (1) Plaintiffs' choice of forum; and (2) the means of the parties. Conversely, the following factors tilt weakly in favor of transfer: (1) the convenience of SunTrust's witnesses; (2)

14

the locus of operative facts; and (3) the Court's relative lack of familiarity with Virginia law. The remaining factors are neutral. Given the above, the Court sees insufficient justification to overcome the "heavy presumption" owed to Plaintiffs' choice of forum. See Bank of America Corp. v. Lemgruber, 385 F. Supp. 2d 200, 238 (S.D.N.Y. 2005) (in forum non conveniens motion, declining to dismiss when various factors "weigh only slightly in favor of one or both alternative fora"); Fisher v. Hopkins, 02-CV-7077, 2003 WL 102845, at *4 (S.D.N.Y. 2003) ("although there may be some convenience and efficiency attained by transferring the present action, 'some' is not enough to overcome the presumption in favor of honoring plaintiff's choice of forum").

II. Motion to Amend

Plaintiffs have moved to amend the Complaint to add Mr. Zimmerman as a co-Plaintiff. SunTrust does not oppose this amendment. And the interests of judicial economy certainly favor permitting Mr. Zimmerman to join this lawsuit, rather than commencing a separate suit seeking identical relief. Consequently, leave to amend is GRANTED.

## CONCLUSION

Defendant's motion to transfer venue is DENIED. Plaintiffs' motion to amend is GRANTED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
November 22, 2010